IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLE BUSH, | No. 4:21-CV-01555 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| BASS ENERGY SERVICES; SWN PRODUCTION COMPANY, LLC; JEREMY BROOKS; and JOHN DOE(S) 1-5, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

**DECEMBER 11, 2023**

## I.  BACKGROUND

On July 21, 2023, Defendant SWN Production Company, LLC filed a motion to compel discovery and require Plaintiff Kyle Bush to reimburse SWN for cancellation fees incurred when Bush failed to appear for scheduled Independent Medical Examinations. On October 6, 2023, the Court granted SWN's motion as to the requested discovery, and ordered Bush's counsel, David E. Sternberg, to show cause why he should not be required to reimburse SWN for the cancellation fees.[1]

In its October 6 Opinion, the Court summarized the circumstances leading to SWN incurring $4,000 in cancellation fees:

---

[1]  Oct. 6, 2023 Mem. Op., Doc. 46; Oct. 6, 2023 Ord., Doc. 47.

Prior to scheduling the August 22, 2022 appointment with Dr. Badgio, SWN sent four separate emails over the course of twenty days to Mr. Sternberg before receiving a response. Mr. Sternberg then sent an email on August 17, 2022 to cancel the August 22 appointment. Following up to reschedule the appointment for October 10, 2022, SWN against sent four emails over the course of 25 days to which Mr. Sternberg alleges he responded with a voicemail. Bush traveled over five hours on October 10 to attend an IME that could not happen because the appointment was never confirmed with Dr. Badgio. Mr. Sternberg has not provided a record of the voicemail, or otherwise indicated who he called and when. Attempting to reschedule the IME for a third time, SWN reached out to Mr. Sternberg three times over the course of thirteen days before Mr. Sternberg's secretary confirmed on April 4, 2023 that Bush could attend the IME on June 6, 2023. SWN followed up with Mr. Sternberg on June 2, 2023 to confirm that Bush would be able to attend the IME. Mr. Sternberg's secretary responded at 2:22 P.M. on June 2, confirming that Bush could attend. However, Mr. Sternberg had emailed his paralegal on June 2 at 10:49 A.M, over three-and-a-half hours before his secretary confirmed the appointment with SWN, that Bush would not be able to attend. He subsequently forwarded the email to SWN on June 5, stating that he "thought [he] sent this out but it may have only went to my paralegal."[2]

Mr. Sternberg filed a responsive brief on November 17, 2023[3] and SWN filed a reply on November 20, 2023.[4] The matter is now ripe for disposition.

## II.   LAW

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[5] "[T]he principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of

---

[2]  Oct. 6 Op. 14-15 (citations omitted).
[3]  Sternberg Br., Doc. 48.
[4]  SWN Br., Doc. 49.
[5]  28 U.S.C. § 1927.

intentional and unnecessary delay in the proceedings."[6] To impose sanctions under Section 1927, the Court must find that an attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct."[7]

Federal Rule of Civil Procedure 35 permits the Court to compel an independent medical examination of "a party whose mental or physical condition . . . is in controversy."[8] If a party fails to comply with such an order, the Court may issue appropriate sanctions.[9] If the Court determines that sanctions are appropriate, it must require, in lieu of or in addition to such sanctions, that the party, the party's attorney, or both, pay the reasonable expenses caused by the noncompliance.[10]

## III. ANALYSIS

In its prior Opinion declining to require Bush to reimburse SWN for the cancellation fees, "the Court considered that Bush is not a sophisticated litigant."[11] However, the Court observed that "Mr. Sternberg, an experienced personal injury attorney, is not entitled to the same benefit of the doubt."[12]

---

[6] *Young v. Smith*, 269 F. Supp. 3d 251, 335 (M.D. Pa. 2017) (quoting *Zuk v. Eastern Pennsylvania Psychiatric Institute,* 103 F.3d 294, 297 (3d Cir.1996)).

[7] *Id.* (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002)). *See also Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir. 1989) ("[B]efore a court can order the imposition of attorneys' fees under § 1927, it must find willful bad faith on the part of the offending attorney.").

[8] Fed. R. Civ. P. 35(a)(1).

[9] Fed. R. Civ. P. 37(b)(2)(B).

[10] Fed. R. Civ. P. 37(b)(2)(C).

[11] *Id.* at 15.

[12] *Id.*

Arguing that he should not be required to reimburse SWN, Sternberg notes that, prior to the Court's October 6, 2023 Order, the Court had not ordered Bush to appear for an IME and, therefore, his failure to appear for the IME's with Dr. Badgio was not a violation of a Court order.[13] In the Opinion accompanying that Order, the Court noted that Bush did not contest that an IME was appropriate.[14] On the contrary, Sternberg represented in his brief in opposition to the motion to compel and now in his show cause brief that "he stressed the need to attend the IME with Dr. Badgio and the importance of the exam."[15] Sternberg also notes that Bush "attended two other Independent Medical Examinations scheduled by the defendant without incident or cancellation."[16]

And yet, after three attempts to schedule the IME with Dr. Badgio, several unreturned messages, one five hour round trip by Bush to attend an IME that was never confirmed, and $4,000 in cancellation fees, SWN was required to ask the Court to order Bush to attend an IME that everyone agreed was necessary. The actions of Bush and Sternberg therefore "multiplied the proceedings unreasonably and vexatiously."[17]

---

[13] Sternberg Br. 3.
[14] Oct. 6 Op. 12.
[15] Sternberg Br. 3; *accord* Oct. 6 Mem. 12.
[16] Sternberg Br. 3.
[17] 28 U.S.C. § 1927.

However, SWN does not argue, and the Court does not find this rises to the level of "willful bad faith" on the part of Sternberg.[18] Sternberg asserts that he has done "his best to stay in weekly communication with Mr. Bush despite [Bush's] busy life as a disabled single father" and that he had "little to no control over Mr. Bush's cancelling his IME because of family responsibilities involving his daughter."[19] Bush, as a disabled single father, no doubt has other, occasionally more pressing obligations outside of this litigation. But it was Bush who chose to bring this suit and assume the obligations that came with it. Further, Sternberg agreed to represent him and assume the responsibility of impressing upon Bush the importance of fulfilling those obligations. The Court need not apportion blame between Bush and Sternberg—it suffices to say that they have fallen short of the standard that is expected of parties and counsel who appear before this Court.

Fulsome discovery is critical to the efficient and just resolution of the parties' claims and the Court stands ready and willing to mediate legitimate disputes which may arise. However, far too often the Court is instead pulled into petty squabbles, wasting the time and resources of counsel, the parties, and the Court. SWN should not have had to incur $4,000 in cancellation fees and request Court intervention for Bush to attend an IME. Nevertheless, the Federal Rules of Civil Procedure do not

---

[18] SWN Br. 3; *Williams*, 883 F.2d at 1191.
[19] Sternberg Br. 4-5.

allow the Court to pass that cost onto Bush or Sternberg,[20] and Sternberg's conduct does not warrant the imposition of sanctions under Section 1927.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that counsel for Plaintiff Kyle Bush, David Sternberg, has shown cause that he should not be required to reimburse SWN for cancellation fees incurred for Bush's failure to attend scheduled IMEs. SWN's request for reimbursement in the amount of $4,000[21] is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[20] Federal Rule of Civil Procedure 37 provides for sanctions for failure to adequately respond to discovery requests as required by Rules 26(a), 30, 31, 33, and 34 even if the Court has not previously ordered a response. However, it does not provide for sanctions for a failure to respond to discovery requests under Rule 35 unless a party "fails to obey an *order* to provide or permit discovery." Fed. R. Civ. P. 37(b)(2).

[21] Doc. 30.